BY THE

ST. LOUIS, KANSAS CITY AND SPRINGFIELD

# COURTS OF APPEALS

AT THE

MARCH TERM, 1913.

---

## W. R. HODGES, Respondent, v. JAMES H. CHAMBERS, Appellant.

St. Louis Court of Appeals, March 1, 1913.

1. **TRIAL PRACTICE: Demurrer to Evidence: Rules of Decision.** In determining whether or not a demurrer to the evidence should be sustained, the evidence must be considered in the light most favorable to plaintiff.

2. **AUTOMOBILES: Injury to Pedestrian: Negligence.** Evidence that an automobile whirled into a driveway at a "lively" rate of speed and forcibly struck a pedestrian before he could get out of the way, dragging him fifteen or twenty feet, was sufficient to establish negligence on the part of the chauffeur.

3. **———: ———: Negligence: Contributory Negligence.** In an action for injuries resulting from a collision of defendant's automobile with plaintiff on a public driveway, *held* that the questions of negligence and contributory negligence were for the jury.

4. **NEGLIGENCE: Contributory Negligence: Choosing Unsafe Passageway.** A person who was struck by an automobile while he was walking on a public driveway, which, though primarily designed for vehicles, pedestrians had a right to use and did frequently use, is not to be denied a recovery on the theory he knowingly chose a dangerous passageway when a safe one was at hand, where the driveway was not dangerous except when drivers were negligent.

171 Mo. App.]                    (563)

5. **AUTOMOBILES: Negligent Operation: Construction of Statute.** A driveway which is a public highway need not be "much" used to be within Sec. 8523, R. S. 1909, giving redress to one injured by the negligent operation of an automobile on "public highways . . . or places much used for travel, etc."

6. ——: ——: ——. Sec. 8523, R. S. 1909, giving redress to one injured by the negligent operation of an automobile, being in derogation of the common law, must be strictly construed, and yet it must be so construed as to effectuate the obvious intent and purpose of the lawmakers.

7. **STATUTES: Statutory Construction.** Although a statute which is in derogation of the common law must be strictly construed, nevertheless it must be given such a construction as will effectuate the obvious intent and purpose of the lawmakers.

8. **AUTOMOBILES: Negligent Operation: Degree of Care Required.** The degree of care required by Sec. 8523, R. S. 1909, of one operating an automobile on a public highway to prevent injury to persons thereon, is the highest degree of care that a very careful person would use under the same or similar circumstances.

9. **NEGLIGENCE: Contributory Negligence: Sudden Peril.** Though a pedestrian struck by an automobile might, by acting in a different manner than he did, have escaped the peril in which he was placed, he may recover for his injury, if, in seeking, as he did, to avoid the peril, he acted with ordinary care.

10. **DAMAGES: Personal Injuries: Instructions.** In an action for personal injuries, *held* that the instruction on the measure of damages was correct.

11. **AUTOMOBILES: Injury to Pedestrian: Contributory Negligence: Instructions.** In an action for personal injuries resulting from plaintiff being struck by an automobile, while walking on a driveway which was thirty feet or more wide, defendant requested the court to charge the jury that if they found from the evidence that plaintiff saw the automobile approaching and afterwards had time to avert the collision by using ordinary care in turning out and getting off of the driveway and failed to do so, he was guilty of contributory negligence. *Held*, that the instruction was properly refused, since it cannot be said that it is the duty of one walking on a driveway, thirty feet or more wide, to get off of it on seeing an automobile turn into it.

12. **DAMAGES: Personal Injuries: Excessive Verdict.** A verdict for $3000 for a fracture of the right arm at the elbow joint, contusions on the hip, leg and head, nervous shock and permanent stiffness of arm and fingers, is not excessive.

Appeal from St. Louis City Circuit Court.—*Hon. Leo S. Rassieur,* Judge.

AFFIRMED.

*H. A. Loevy* for appellant.

(1) Respondent is directly responsible for and chargeable with his own negligence in selecting a dangerous roadway on which to walk, namely; one prepared for and only intended for use by automobiles and other vehicles, when he could and should have used the safe stairway prepared specially for use by those on foot. If he had used the stairway where he was absolutely safe, the automobile could not have struck him. And having chosen the dangerous way, he cannot recover. The general rule is that if a person knowingly puts himself in danger and is injured, he cannot recover. O'Donnell v. Paton, 117 Mo. 20; Diamond v. K. C., 120 Mo. App. 188. (2) The case at bar is just like that of a man deliberately in broad daylight walking on a railroad track towards an approaching train and making no effort to leave the track to escape injury when he could have stepped off the track and used an adjacent path or stopped at the side of the track and let the engine pass him. Phelan v. Paving Co., 227 Mo. 712; Ray v. Poplar Bluff, 70 Mo. App. 261; Hawkins v. Railroad, 135 Mo. App. 534; Boyd v. Springfield, 62 Mo. App. 456; Meyers v. Railroad, 103 Mo. App. 274; Heberling v. Warrensburg, 204 Mo. 614; Cohn v. K. C., 108 Mo. 392; Woodson v. Railroad, 224 Mo. 703; Gerdes v. Foundry Co., 124 Mo. 355; Tanner v. Railroad, 161 Mo. 510; Nivert v. Railroad, 232 Mo. 645; Williams v. St. Joseph, 148 S. W. 460; Holwerson v. Railroad, 157 Mo. 231.

*George S. Grover* and *A. R. Taylor* for respondent.

The demurrer to the evidence was properly overruled. Borgner v. Ziegenheim, 165 Mo. App. 341;

McFern v. Gardner, 121 Mo. App. 97; Sapp v. Hunter, 134 Mo. App. 694; Hall v. Compton, 130 Mo. App. 681.

ALLEN, J.—This is a suit for personal injuries sustained by plaintiff as a result of being struck by an automobile belonging to the defendant and being operated by his servant. The action is brought under Section 8523, Revised Statutes 1909, giving redress to one injured by the negligent operation of an automobile on, upon, along or across "public walks, streets, avenues, alleys, highways. or places much used for travel." The answer was a general denial and a plea of contributory negligence. The cause was tried before the court and a jury, resulting in a verdict for plaintiff for $3000, and the defendant appeals.

At the time of plaintiff's injury, he was the auditor of the city of St. Louis, having his office in the City Hall, located on the west side of Twelfth street, between Market street and Clark avenue, in said city. The City Hall building is located some distance back, i. e. west, from the sidewalk extending along the west side of Twefth street. At the east entrance to the building there is a short flight of steps leading down to an asphalt driveway. The latter is a semi-circular driveway lying between Twelfth street and the building, beginning at the west curb of Twelfth street some distance north of the entrance to the building, crossing over the sidewalk, and, describing practically a semi-circle, passing around in front of these steps leading from the entrance to the building, and coming out again to Twelfth street some distance to the south. One leaving the building by way of said east entrance thereto, going directly east to the sidewalk, passes down the steps above mentioned leading from the entrance itself, crosses the asphalt driveway, passes down another short flight of steps, crosses a granitoid space between two grass plots, and passes down still another flight of steps to the granitoid sidewalk on Twelfth street. The semi-circular asphalt driveway above

mentioned varies in width from about thirty-seven feet at the entrance to it from Twelfth street—i. e., its northern opening into the street—to about eighteen feet immediately in front of the entrance to the build·ing. The evidence shows that this driveway had been built several years before the accident; that it was designed for the use of vehicles, but that it was also customarily used by pedestrians who desired to take a "short cut" from the east entrance to the City Hall in going to Twelfth and Market streets. To reach the sidewalk from the east entrance of the City Hall it is necessary to at least cross this driveway, and the evidence discloses that pedestrians, instead of going directly east to the sidewalk, frequently take this driveway in order to save a little distance.

On the evening of January 26, 1910, the plaintiff left the City Hall building by the east entrance, and, instead of proceeding directly east to the sidewalk, after descending the steps just at the entrance to the building, turned to the left and took the driveway, in order to go to the corner of Twelfth and Market streets. As he approached the northern intersection of the driveway with the sidewalk on the west side of Twelfth street, the defendant's automobile turned into this driveway from the street. The evidence is somewhat conflicting as to whether plaintiff had actually reached the crossing of the driveway over the sidewalk when the automobile struck him, but at any rate he was at or near this crossing. There is a sharp conflict in the evidence as to what occurred just prior to this time. Plaintiff testified that he was walking a little north of east when he saw the automobile coming; that acting upon the impulse to get out of its way he turned towards the north, i. e. to the left, and made a spring to get out of the way; that before he could do so he was forcibly struck by the automobile on his right arm and right side, and that the next thing that he remembered was being under the machine; that he was un-

conscious for a short time, and that when he regained consciousness he was some fifteen or twenty feet from the point where he was struck. Plaintiff testified that he first saw the automobile ''when they whirled around the corner into the driveway from Twelfth street,'' and that he judged it was then about sixty feet away. There was evidence on behalf of plaintiff that the automobile was going at a ''lively'' rate of speed, and testimony corroborating that of plaintiff to the effect that he was forcibly struck by it and dragged some fifteen or twenty feet.

The evidence on behalf of the defendant tended to show that in entering the driveway from Twelfth street the horn on the automobile was blown, and that the machine was proceeding at only five or six miles an hour; that defendant's chauffeur saw plaintiff and thought that plaintiff heard the horn and that he was going to wait until the automobile passed by; that, however, when it got almost abreast of him, plaintiff started to cross in front of it; that when the chauffeur saw that plaintiff was going to cross the driveway, he swerved the machine slightly to the south—that is to the left—but that plaintiff then turned back to the south immediately in front of it; that he was scarcely struck at all by the machine, but that he put his hands on the front radiator and slipped down under it. The defendant testified that, as the automobile approached plaintiff, he told the chauffeur to stop, saying ''that man appears to have lost his head.'' At the close of plaintiff's testimony defendant prayed the court to give a peremptory instruction in the nature of a demurrer to the evidence, which was refused by the court; and at the close of all the evidence defendant requested the giving of a like instruction, which was likewise refused.

The cause was submitted to the jury upon four instructions given at the request of plaintiff, and nine instructions given at the request of the defendant.

Two instructions offered by defendant, other than the peremptory instructions above mentioned, were refused by the court.

Defendant assigns as error the overruling of his demurrer to the evidence; that the court erred in giving the instructions given on behalf of plaintiff, and in refusing the instructions offered by defendant and refused by the court.

As to the error assigned in overruling defendant's demurrer to the evidence, it is sufficient to say that there was clearly sufficient evidence of negligence in the operation of the machine on the part of defendant's chauffeur to make the case one for the consideration of the jury. It is true that, if defendant's evidence be taken as true, it would appear that there was no negligence on the part of the driver of the machine, but that plaintiff unexpectedly stepped directly in front of the same and that the driver thereof could not avoid striking him. However this may be, plaintiff's evidence shows that the machine "whirled" into the driveway from Twelfth street at a "lively" rate of speed and forcibly struck him before he could get out of its way, and dragged him some fifteen or twenty feet. For the purpose of the demurrer, this evidence must be regarded in the light most favorable to plaintiff. It tended to show negligence on the part of defendant's driver, and the evidence in regard to plaintiff's own negligence was conflicting, and he cannot be said to have been guilty of negligence as a matter of law. It was for the jury to determine, under the evidence and guided by proper instructions of the court, whether defendant's driver was negligent, and whether plaintiff was guilty of negligence on his part, contributing to his injuries.

The appellant earnestly insists that the demurrer should have been sustained for the reason that plaintiff, as apellant says, selected a dangerous roadway on which to walk, i. e. one intended for the use of automo-

biles and other vehicles, when he might have chosen a safe way by passing directly east to the Twelfth street sidewalk. Of this we need only say that the evidence shows that the driveway in question was frequently used by pedestrians passing from this City Hall entrance to Twelfth street in order more quickly to reach the intersection of Twelfth and Market streets. Plaintiff, as a pedestrian, had as much right upon this driveway as did the defendant with his automobile, and the defendant owed to plaintiff the duty to exercise toward him, as a pedestrian upon this driveway, that degree of care which by our statute is imposed upon the owners or drivers of such vehicles. Appellant has cited us to a great many cases dealing with the duty of one in crossing or walking upon railroad tracks, or street car tracks, in an effort to show that plaintiff was negligent in walking along this driveway at all, when he might have gone directly east to the sidewalk. There is no doubt as to the correctness of the doctrine of these cases, in their application to car tracks, which as a matter of course are in themselves a warning of danger. These cases have however no application here, for as we have said above the plaintiff had as much right upon this driveway as anyone else, and had the right to presume that one driving an automobile would exercise that degree of care enjoined upon him by law.

Neither is the case before us analagous to the numerous cases cited by appellant in which it is held that one cannot recover where he knowingly chooses a dangerous road or passageway when a safe one is at hand. This for the reason that the driveway in question was a public highway, and could only be said to have been dangerous when made so by the failure of the drivers of vehicles to exercise the care required of them by law. Plaintiff was entitled to rely upon the presumption that such drivers would not be negligent, and hence it cannot be said that plaintiff had

any reason to suppose that it would be dangerous for him to walk upon the driveway.

Appellant complains of the instructions given on behalf of plaintiff. The first one is assailed because it told the jury that if they found from the evidence that the driveway and sidewalk in question were public highways and were *generally* used for public travel thereon, then, finding the other facts mentioned in the instruction, their verdict should be for the plaintiff. Appellant's contention in this regard is that since the statute under which this suit is brought, viz., section 8523, Revised Statutes 1909, gives redress to one injured by the negligent operation of an automobile on, upon or across "public highways, walks, streets, avenues, alleys, or *places much used* for travel," the words "much used" should have been employed in this instruction instead of "generally used." There is no merit in this contention. A reading of the statute shows that it was intended to apply to any public walks, streets, avenues, alleys and highways, and that the succeeding words in this clause of the statutes, i. e., "or places much used for travel," were simply intended as a general expression to cover all other places which might not be covered by the specific terms theretofore employed in the statute. There can be no doubt, from the evidence, that this driveway was customarily used both by vehicles and pedestrians, although the primary purpose of its construction was evidently to permit vehicles to reach the entrance to the City Hall building, which is some distance from the street. Under the statute it clearly was not necessary for the jury to find that the driveway in question was *much* used for public travel, and there was no error in requiring the jury to find that it was a public highway, generally used for public travel. That it was a public highway was sufficient to bring it within the operation of the statute. In this connection appellant says that the statute, being in derogation of the common

law, must be strictly construed. We concede this, but nevertheless it must be construed so as to effectuate the obvious intent and purpose of the statute. [Nicholas v. Kelly, 159 Mo. App. 20, 139 S. W. 248.]

This instruction is also assailed for the reason that it requires defendant's chauffeur, in charge of and operating his automobile, to exercise the highest degree of care that a very careful person would use under like or similar circumstances in operating and controllling the automobile. This is the very degree of care which the statute imposes, and it was proper to so instruct the jury. [Bongner v. Ziegenheim, 165 Mo. App. 328, 147 S. W. 182.]

The second instruction given for plaintiff correctly states the law, both as to the degree of care required by defendant's chauffeur, and also to the effect that even if plaintiff might have escaped the peril in which he was placed by acting in a different manner than he did, yet if the jury found that, in so seeking to avoid said peril, he acted with ordinary care he might still recover. The latter proposition is too well established to require the citation of authorities.

The third instruction given for plaintiff is the usual and proper definition of the term "ordinary care." Plaintiffs's fourth instruction as to the measure of damages was clearly a proper instruction to be given under the facts and circumstances of the case.

The two instructions offered by defendant and refused by the court were properly refused. One of them told the jury that if they found from the evidence that plaintiff saw the automobile approaching and afterwards had time to avert the collision by using ordinary care in turning out and getting off the driveway and out of the way of the automobile, and that if the plaintiff, after he saw the automobile approaching, did not use ordinary care in turning out and getting off the driveway and out of the way of the automobile, then plaintiff was guilty of negligence. It can-

not be said to have been plaintiff's duty to get off of a driveway thirty feet or more in width, upon seeing defendant's automobile turn into it. The law did not require this of plaintiff, and the instruction might well have misled the jury as to plaintiff's duty in the premises. And besides the duty required of plaintiff to exercise ordinary care for his own safety was fully set out in other instructions given on behalf of defendant.

The other instruction offered by defendant and refused by the court was clearly improper, in that it required the jury to find only that defendant failed to exercise *ordinary* care in the premises, whereas by the statute he, or the driver of his automobile, was required to exercise the highest degree of care that a very careful person would exercise under like or similar circumstances.

The instructions taken as a whole fairly and properly presented the case to the jury; and considering the nine instructions given on behalf of defendant, which were exceedingly favorable to him and fully covered the case from his standpoint, defendant has no reason to complain of the instructions.

Lastly it is urged that the verdict of the jury is excessive. The evidence showed that plaintiff's injuries consisted of a fracture of the right arm at the elbow joint, contusions on his left hip and left leg and on his head; that he suffered a nervous shock from which resulted two nervous chills during the evening of the day upon which the received his injuries. That at the time of the trial his right arm was still stiff and weak and that plaintiff had little use of it, and could not raise his right hand near his face; that the fingers of his right hand were so stiff that he could not close them, and that he had very little grasping power in this hand; that plaintiff had suffered much pain and that he still suffered from numbness and aching of his right hand; and there was evidence that plaintiff

would never completely recover the use of his right arm and fingers. Under these circumstances manifestly the verdict of the jury cannot be said to be excessive. Certainly the amount thereof is not such as to authorize any interference therewith by this court.

The cause was fairly tried, and the verdict of the jury is amply sustained by the evidence. The judgment of the circuit court should be and is affirmed. *Nortoni, J.,* concurs; *Reynolds, P. J.,* not sitting.