GARRETT HEARTSELL, Respondent, v. M. D. BILLOWS, Appellant.

*Kansas City Court of Appeals, November 23, 1914.*

1. **AUTOMOBILES: Negligence: Street Corner.** Where one drives an automobile around a corner of two streets in a town at a speed of more than six miles per hour in violation of

Heartsell v. Billows.

the statute and runs upon a person in the street standing forty-five feet from the corner, he is guilty of negligence.

2. ———: ———: **Contributory Negligence.** Though a person makes a mistaken effort to get out of the way of an approaching automobile, running at a speed in violation of the statute, he will not be held to be guilty of contributory negligence as a matter of law.

Appeal from Carroll Circuit Court.—*Hon. Frank P. Divelbiss*, Judge.

Affirmed.

*C. M. Hudson* and *Jones & Conkling* for appellant.

(1) Notwithstanding that the automobile may have been running at a rate of speed prohibited by law, or that no horn was sounded, or other alarm given, still, plaintiff is not entitled to recover, since the evidence shows that he saw the car, knew it was coming, and then stepped in front of the car at a time when collision was unavoidable. Green v. Railroad, 192 Mo. 131; Mockowik v. Railroad, 196 Mo. 550; Schaub v. Railroad, 133 Mo. App. 444; Schmidt v. Railroad, 191 Mo. 228; Palmer v. Railroad, 142 Mo. App. 440; Laun v. Railroad, 216 Mo. 578; Zoltovski v. Czella, 159 Mich. 620; 26 L. R. A. (N. S.) 435. (2) Even if the automobile was running at a rate of speed in excess of ten miles per hour, such fact will not authorize a verdict for plaintiff where it is not shown that such excessive speed was the proximate cause of the injury. Schmidt v. Railroad, 191 Mo. 228; Green v. Railroad, 192 Mo. 131. (3) The failure of plaintiff to exercise proper care for his own safety bars his recovery. Green v. Railroad, 192 Mo. 131; 2 Ruling Cases, page 1186, sec. 21; Miner v. Stephens, 42 L. R. A. (N. S.) 1178; Vincenzo v. Seattle Transfer Co., 22 L. R. A. 471; Stallman v. Shea, 99 Minn. 422; Belton v. Boxter, 54 N. Y. 245; Baker v. Pendergast, 30 Am. Rep. 620. (4)

There was no evidence of a failure to turn the car to the right of the center of the road, the law requiring the driver of a vehicle to turn to the right does not apply to a pedestrian standing in the road. Yore v. Transit Co., 147 Mo. 679-689.

*Busby & Withers* for respondent.

(1) Slight evidence of negligence sufficient to hold appellant liable. Bongner v. Zeigenhein, 165 Mo. App. 328. (2) Appellate courts will not disturb the verdict of the jury when there is some substantial evidence to support it, even though they believe the verdict should have been for the appellant. Marts v. Powell, 176 Mo. App. 124.

ELLISON, P. J.—Plaintiff's action is for damages alleged to have resulted to him by reason of defendant running an automobile onto him in one of the streets of the town of DeWitt. The judgment in the trial court was for the plaintiff in the sum of fifty dollars.

The sole error alleged is the refusal of the trial court to sustain defendant's demurrer to the evidence on the ground that it was not sufficient to authorize the jury to return a verdict for plaintiff.

The case is bottomed on sections 8519 and 8523, Revised Statutes 1909, wherein it is provided that in any part of towns and villages automobiles shall not be driven at a greater rate of speed than ten miles per hour; and that in turning a corner of intersecting roads or streets where the view is obstructed the speed shall not exceed a rate of six miles an hour.

There was evidence tending to show that plaintiff was standing in Main street talking with an acquaintance, when defendant, driving an automobile, turned the corner of Fourth and Main streets where an embankment obstructs the view, going at a rate of speed

of more than six miles per hour. This testimony further tended to show that the speed continued into Main street of more than ten miles per hour, one or more stating it was fifteen or twenty miles. Plaintiff was standing about forty-five feet from the corner at Fourth street and defendant could have seen him that distance. No horn was sounded. Plaintiff on hearing some one call, looked and saw the approach of the machine. He started to get out of the way, when after taking a step or two, he saw the machine was coming upon him and started the other way, but defendant swerved the machine and struck him.

As the case stands we need not undertake to weigh the evidence nor to make distinctions between that for plaintiff and for defendant. It seems clear that considering the tendency of the evidence in plaintiff's behalf and all legitimate inferences to be drawn therefrom, a case was made for the jury. The jury was authorized to find that defendant had violated the statute in running his machine around the corner and onto Main street and that he was guilty of negligence which resulted in running onto plaintiff. [Fink v. Ry. Co., 161 Mo. App. 314; Hodges v. Chambers, 171 Mo. App. 563.]

We do not think the evidence showed plaintiff to be guilty of contributory negligence as a matter of law. It is quite true that he might have avoided the machine by stepping in a different direction, and that he erred in judgment when he altered his course of escape. But he was in peril through the negligence of defendant and that his effort to avoid being struck was a mistaken one should not condemn him as a matter of law. [McFerre v. Gardner, 121 Mo. App. 1; Hodges v. Chambers, supra.]

We are without authority to disturb the verdict and hence affirm the judgment. All concur.