# LEON COOL, Respondent, v. J. T. PETERSEN, Appellant.

St. Louis Court of Appeals, April 6, 1915.

1. **AUTOMOBILES: Injury to Pedestrian: Negligent Speed and Failure to Warn: Sufficiency of Evidence.** In an action for injuries to a person by being struck by an automobile traveling in the same direction as a street car from which he had just alighted and in front of which he had just passed, evidence that the automobile was traveling at the rate of thirty-five miles per hour, and that it passed the street car by turning to the left, instead of to the right, and that no warning signal was sounded, *held* to warrant the submission of the question of defendant's negligence to the jury.

2. **INSTRUCTIONS: Assumption of Conceded Facts.** In an action for injuries to a person by being struck by an automobile at the intersection of two streets, an instruction which submitted the question of liability is not to be condemned for hypothesizing the fact that such streets were public streets at the time of the trial, instead of at the time of the injury, where it was conceded throughout the case that they were public streets at the time of the injury and there was no issue concerning that matter.

3. AUTOMOBILES: Injury to Pedestrian: Degree of Care: Instructions. In an action for injuries to a person by being struck by an automobile on a city street, an instruction that any person operating an automobile on, along or across a public road, street or highway is required to use the highest degree of care that a very careful person would use under similar circumstances to prevent injury or death to other travelers on such public road, street or highway, was a correct declaration of law, under Sec.' 8523, R. S. 1909, and, when considered in connection with the other instructions given, was not prejudicial on the ground that it was abstract.

4. ———: ———: Contributory Negligence: Instructions. In an action for injuries to a person by being struck by an automobile traveling in the same direction as a street car from which he had just alighted and in front of which he had just passed, and which passed the street car by turning to the left, instead of to the right, an instruction that he had a right to presume that no automobile would be driven upon a public street or highway, much used for travel, at a rate of speed that would be dangerous to people who might be crossing the street or highway at any usual or customary place for pedestrians to be crossing such street or highway, was properly given, in view of the fact that it was shown that plaintiff was wholly unadvised of the approach of the automobile on the wrong side of the street car.

5. ———: ———: ———. A person who alighted from a street car; passed in front of it, and was struck by an automobile traveling in the same direction and passing the street car on the left side, 'instead of the right, was not required to anticipate that an automobile might come from that direction, and, in the absence of notice to the contrary, was entitled to presume that automobile drivers would neither violate the statute nor be remiss in their common-law duty.

6. NEGLIGENCE: Contributory Negligence: Burden of Proof: Instructions. In an action for personal injuries, where defendant's answer contains a plea of contributory negligence, it is proper to instruct the jury that the burden is on defendant to show that plaintiff was guilty of contributory negligence, and that, unless he does so by a preponderance or greater weight of the evidence, they should find for plaintiff on that point.

7. AUTOMOBILES: Injury to Pedestrian: Degree of Care: Instructions. In an action for injuries to a person by being struck by an automobile on a city street, an instruction that plaintiff was only required to exercise ordinary care for his own safety in being upon or crossing over a public street or highway, although abstract, was properly given, in view of the fact

that Sec. 8523, R. S. 1909, imposes a different obligation upon automobile drivers than is imposed upon pedestrians, namely the obligation to exercise a high degree of care.

8. **INSTRUCTIONS: Abstract Instructions.** Although the practice of submitting mere abstract propositions of law in instructions is usually condemned, and although a judgment should not be reversed for the refusal to give an instruction asserting a proper principle in mere abstract form, nevertheless where abstract instructions are not misleading or prejudicial, when considered in connection with the instructions as a whole, the giving thereof will not require a reversal, since the instructions are to be read and considered together.

**AUTOMOBILES: Injury to Pedestrian: Instructions: Refusal of Misleading Instruction.** In an action for injuries to a person who passed in front of an eastbound street car and was struck by an automobile traveling in the same direction and passing the street car on the left side, an instruction that the mere driving of the automobile in an eastern direction on the north side of the street was not negligence, was properly refused, where there was no claim that this was in itself negligence, as such instruction would have been misleading, in view of the facts of the case.

10. **NEGLIGENCE: Instructions: Charging on Immaterial Act.** The refusal of an instruction, in a negligence action, charging that a certain act shown by the evidence was not negligence, is proper, where no claim is made that such act was in itself negligence.

11. **APPELLATE PRACTICE: Review of Argument of Counsel: Necessity of Exception.** Where, following an alleged improper remark of plaintiff's counsel in his argument, defendant's counsel interrupted and stated that he excepted, as appealing to the passion and prejudice of the jury, but no ruling was made and no exception was taken to the failure to rule or to reprimand plaintiff's counsel, there was nothing for review, on appeal, as defendant did nothing more than object, and there must be both an objection to the remarks and an exception to the court's ruling or to the court's failure to act, to warrant a review thereof, on appeal.

12. **DAMAGES: Personal Injuries: Excessiveness of Recovery.** Plaintiff was struck by an automobile and was thrown some distance. There was evidence that his hip joint was badly injured, was weak, and could not be used; that he could scarcely get around on his leg; that one knee joint, his ankle, his left elbow and arm, and his left shoulder were injured; that his hip and spine were affected and pained him day and night; that, when he arose in the morning, he would have a stiff

and ill feeling; and that his head was badly cut. There was also evidence concerning an injury to his bowels and an affliction of the kidneys and of his nervous system. Prior to the injury he earned from $18 to $20 a week, but at the time of the trial, more than a year thereafter, he was still unable to pursue his usual calling. *Held*, that a verdict of $2250, reduced by the trial court to $1500, was not excessive.

Appeal from St. Louis City Circuit Court.—*Hon. J. Hugo Grimm*, Judge.

AFFIRMED.

*Henry B. Davis, Charles Erd, Carlisle Durfee* and *Loren E. Massey* for appellant.

(1) (a) Mere abstract propositions of law serve no good purpose, and tend strongly to confuse and mislead the jury. And where, as in the case at bar, all the instructions given at the request of respondent are mere abstractions, and are not explanatory of the law in its application to the facts in evidence, they will be regarded as so misleading to the jury as to cause a reversal of the judgment. Warder v. Seitz, 157 Mo. 140, 151; O'Keefe v. Railroad, 108 Mo. App. 177, 185; Benjamin v. Street Ry. Co., 133 Mo. 274, 290; Robinson v. St. Joseph, 97 Mo. App. 503, 510; Reid v. Insurance Co., 58 Mo. 421; State, to use, v. Frank, 22 Mo. App. 46, 50; McLain v. Winchester, 17 Mo. 49, 55. (b) Instruction number 2, given for the plaintiff, is also erroneous for the reason that it is not predicated on the facts in evidence, and on that ground, the giving of it to the jury was reversible error. As the action was for the recovery of damages for personal injuries, and not for death, the instruction was clearly prejudicial to the defendant, in informing the jury of the degree of care the defendant was required to exercise to prevent the death of persons using the streets referred to in the evidence. This instruction, when considered in connection with the improper remarks

of counsel, hereinafter referred to, of which the court declined to express any disapproval, will show to what degree the instruction was harmful to the defendant. (2) The instruction given by the court of its own motion, did not require the jury to find that St. Louis and Vandeventer avenues were public, improved streets in the city of St. Louis at the time, or on the date of the occasion complained of, but merely that they were such streets on the day of the trial of this case. The conditions existing at the time of trial were not competent, relevant or material evidence, and for this error in the instruction, the judgment should be reversed. This is elementary, and requires no citation of authorities for its support. (3) Defendant was entitled to have given to the jury instruction "a," which he requested. It correctly declared the law, and was proper under the evidence. Its refusal left it open for argument by counsel that defendant was guilty of an unlawful act in driving his automobile eastwardly in the westbound street car tracks, and such argument would manifestly prejudice the jury against defendant. The duty of the trial court, at the request of a party to an action, to instruct the jury as to his rights in the case, is too well settled to require the citation of authorities. (4) The appeal of plaintiff's counsel to the passions and prejudices of the jury, contained in the remarks excepted to, merited a rebuke from the court, and the court's failure to emphatically express its disapproval of the language complained of constituted such error as to justify a reversal of the judgment. Weil v. Hagan, 170 S. W. 618; Rice v. Sally, 176 Mo. 107; Beck v. Railroad, 129 Mo. App. 7; Leu v. St. Louis Transit Co., 106 Mo. App. 329; Killoren v. Dunn, 68 Mo. App. 212; Fatham v. Tumility, 34 Mo. App. 236; Gibson v. Zeibig, 24 Mo. App. 65, 69. (5) Where errors have occurred in the trial of a case, and the verdict of the jury is plainly excessive, as was found to be the fact

189M.A.46

by the trial court in the case at bar, a remittitur will not cure the harm and injury resulting to the defendant from the verdict. A remittitur is proper only where the verdict is assailed solely on the ground that it is excessive. Where errors intervene, the verdict will be ascribed to passion and prejudice arising from such errors. In such cases, the courts have held that but for such passion and prejudice, growing out of the court's errors, the verdict might have been for the other party, and will reverse the judgment. Cook v. Globe Printing Co., 227 Mo. 471, 542-616; Clifton v. Railroad, 232 Mo. 708, 715; Gotham v. Telegram Co., 239 Mo. 606, 624; Finnegan v. Railroad, 244 Mo. 608, 662.

*J. E. Turner* for respondent.

(1) The most that can be said against instructions in general terms or mere abstract propositions of law, is that they are non-directory and do not constitute a reversible error and even though they may be erroneous, it is not reversible when the same is cured by other instructions offered by either plaintiff or defendant, or given by the court of its own motion, and if the defendant desired any further instructions on any point of law, it was his duty to prepare and ask the court to give same, the court being under no obligations in a civil suit to do so of its own motion. Riley v. Independence, 258 Mo. 683; Farmer v. Railroad, 178 Mo. App. 594; Lazarine v. Lazarine, 179 Mo. App. 478; Pendergast v. Railroad, 179 Mo. App. 535; Zalotuchin v. Street Ry., 127 Mo. App. 577; Hilts v. Casualty Co., 176 Mo. 644; Kaufman v. Realty Co., 176 Mo. App. 704; Wallace v. Insurance Co., 174 Mo. App. 122; Bliesner v. Distilling Co., 174 Mo. App. 150; Boyd v. Railroad, 249 Mo. 131; Minter v. Bradstreet, 174 Mo. 444; Brown v. Globe Printing Co., 213 Mo. 652; Coleman v. Drane, 116 Mo. 394; Meiley v. Railroad, 215 Mo. 587; Jackson

v. Telegraph Co., 174 Mo. App. 81; Morgan v. Mulhall, 214 Mo. 461. (2) The verdict and judgment are not excessive, and will not be disturbed by the appellate court. Riley v. Independence, 258 Mo. 685; Henderson v. K. C., 177 Mo. 492; Hollenbeck v. Railroad, 141 Mo. 112; Porter v. Railroad, 71 Mo. 81; Dougherty v. Railroad, 97 Mo. 648; Smith v. Fordyce, 190 Mo. 1. (3) The verdict will not be disturbed by the appellate court where the trial court refused to grant a new trial for mere conjecture as to the passion or prejudice of the jury. Brown v. Globe Printing Co., 213 Mo. 653; Hirsch v. U. S. G. L., 78 Mo. App. 363; Mauerman v. Railroad, 41 Mo. App. 348; Burk v. Railroad, 120 Mo. App. 683. (4) The question of whether or not the verdict is against the weight of evidence is one solely for the sound discretion of the trial court, and where he refuses to grant a new trial unless manifestly abused, that question together with the finding of facts by the jury is forever closed. Kinlen v. Railroad, 216 Mo. 176; Lazarine v. Lazarine, 179 Mo. App. 478; Von Treber v. Gas Co., 209 Mo. 648; State v. Richardson; 117 Mo. 586; Henry v. Railroad, 109 Mo. 488; Foundry Co. v. McCann, 68 Mo. 195; Almone v. M. W. A., 133 Mo. App. 382; Andre v. M. W. A., 102 Mo. App. 377. (5) Before appellant will be heard in this court to complain of the remarks alleged to have been made by counsel for respondent in his argument to the jury, he must show that at the trial of the case he objected to the remarks and requested the trial court to rebuke counsel and received an adverse ruling from the court. Doyle v. M., K. & T. T. Co., 140 Mo. 22; Reynolds v. K. C., 180 Mo. App. 145; Taylor v. Street Ry. Co., 256 Mo. 217. (6) A verdict and judgment for the right party will not be disturbed by the appellate court even though error was committed at the trial of the case. Petersen v. Transit Co., 199 Mo. 344.

NORTONI, J.—This is a suit for damages accrued on account of personal injuries received because of the negligence of defendant. Plaintiff recovered and defendant prosecutes the appeal.

It appears that plaintiff was injured through being run upon by defendant's automobile while he was in the act of crossing St. Louis avenue on the west side of Vandeventer avenue in the city of St. Louis, at the place commonly used by pedestrians. Plaintiff was a passenger on an eastbound street car immediately before his injury. The street car company maintains double tracks in St. Louis avenue, running east and west. The south track is occupied by eastbound cars while the north track is occupied by westbound cars. Plaintiff was a passenger on an eastbound car and alighted therefrom at the usual stopping place for such cars, on the west side of Vandeventer avenue, which runs north and south, but in St. Louis avenue. He passed out of the front door of the street car, as is usual, and while it yet was standing, walked immediately around the front end of the car with a view to pass over the crossing for pedestrians to the northwest corner of St. Louis and Vandeventer avenues, intending to take a Vandeventer car south on Vandeventer avenue. Immediately as he emerged from in front of the car from which he had alighted, defendant's automobile, going eastward at a high rate of speed, ran upon him and inflicted the injuries complained of. The collision occurred in the early evening on a Sunday, and it was raining at the time.

The evidence for plaintiff tends to prove—and a number of witnesses who were present all speak to the same effect—that defendant was running his automobile at a speed of about thirty-five miles per hour at the time and he sounded no warning whatever of its approach. The automobile had been following the street car and on the same track with it for several blocks, but upon the slowing down of the street car,

defendant left the south, or eastbound, track by turning to the left, about a half block before reaching the point of collision and ran eastward on the north—that is the westbound—track at the high rate of speed above mentioned. A number of witnesses for plaintiff say the automobile was not only running at about thirty-five miles per hour, but that no warning signal whatever was given, and it appears that plaintiff walked on the track after coming around the forward end of the street car from which he had alighted, some six or eight feet in advance of the approaching automobile.

On the part of defendant, the evidence tends to prove that while the automobile was going eastward on the northmost, or westbound, street car track, warning was given immediately before by sounding the horn attached, and also that the rate of speed was moderate. But be this as it may, the case was clearly one for a jury and so much seems to be conceded in the briefs of counsel, for no argument is advanced to the contrary.

The principal argument for a reversal of the judgment relates to several instructions given on the part of plaintiff, because they appear to be abstract declarations of law without reckoning closely with the facts, and a trivial suggestion is directed, too, against the first instruction given by the court of its own motion. To the end of considering these arguments, we set forth the first instruction complained of, which is as follows:

A-1. "The court instructs the jury that if you find and believe from the evidence that St. Louis avenue is a public street in the city of St. Louis, crossing another public street known as Vandeventer avenue, and that said streets at the place of their intersection are much used for travel, and if you further find and believe from the evidence that on or about the 21st day of April, 1912, the defendant was running and operating the automobile mentioned in the evidence,

running the same upon and along St. Louis avenue in an eastwardly direction from a point west of Vandeventer avenue, and if you further find from the evidence that at said time the plaintiff was lawfully upon said St. Louis avenue and attempting to cross said street at or about its intersection with the west line of Vandeventer avenue, and you further find that at said time and place the defendant approached said west line of Vandeventer avenue in his automobile, and that he then and there negligently and carelessly operated said automobile by running it at an excessive, high and dangerous rate of speed and by failing to check the speed thereof, as it approached said west line of Vandeventer avenue; or carelessly and negligently failed to give a warning or signal of the approach of the automobile as it approached said west line of Vandeventer avenue; and if you further find that by reason of such acts or either of them the defendant's automobile ran into or against plaintiff and injured him, and if you further find from the evidence that plaintiff was exercising ordinary care for his own safety, then your verdict must be for plaintiff.''

This instruction was given by the court of its own motion and submits the precise specifications of negligence relied upon in the petition and so thoroughly developed in the evidence. It is proper in every respect, for it requires the jury to find the acts of negligence alleged and established at the trial. But the instruction is criticized because it is said that it calls for a finding of fact on the part of the jury that Vandeventer avenue and St. Louis avenue, at the point of the collision, were public thoroughfares of the city of St. Louis at the time of the trial, without requiring a finding that they were such public thoroughfares at the time plaintiff received his injury. This argument is wholly without merit, for the case throughout concedes that both streets were public thoroughfares. There was no issue concerning this matter in the case

and all of the evidence tends to prove that both plaintiff and defendant were using the streets at the time of the collision as such. Furthermore, there is evidence that a dozen other persons were using the streets as such at that time and place.

The other instructions against which an argument is directed are as follows:

2. "The court instructs the jury that any person operating an automobile running, on, upon, along or across a public road, street, or highway, or place much used for travel, is required to use the highest degree of care that a very careful person would use under like or similar circumstances to prevent injury or death to persons on, or traveling over, upon or across such public road, street or highway or place much used for travel."

3. "The court instructs the jury that the plaintiff had a right to presume that no automobile would be run or driven upon a public street or highway, much used for travel, at a rate of speed that would be dangerous to people who may be crossing said street or highway at any usual or customary place for pedestrians to be crossing said public street or highway."

4. "The court instructs the jury that the burden of proof is upon the defendant to show the plaintiff was guilty of contributory negligence, and unless he does so by a preponderance or greater weight of the evidence, then you should find for the plaintiff on that point."

5. "The court instructs the jury that the plaintiff was only required to exercise ordinary care for his own safety in being upon or crossing over a public street or highway in said city of St. Louis."

It is urged that these instructions are mere abstract propositions and in nowise reckon with the facts of the case. Such may be true, but they portray the correct rules of law which obtain in this State in the circumstances of the case in judgment, when viewed

from plaintiff's standpoint, and, when considered in connection with that given by the court and those of defendant, are well enough.

Instruction number 2 above copied proceeds under our statute which imposes the obligation of the highest degree of care on one operating an automobile in the public streets or a place much used for travel, in order to prevent the injury or death of persons who are rightfully using the street as well.

Instruction number 3 declares the familiar rule that one crossing a public street at the place commonly used by pedestrians for that purpose may presume, if he knows nothing to the contrary, that an automobile would not be driven there at a dangerous rate of speed and in an unlawful manner to threaten his safety. The instruction is peculiarly appropriate here for the reason that the evidence tends to show plaintiff was wholly unadvised as to the approach of the automobile, for it was passing the street car at the time on the left side, whereas it should have turned to the right if it passed at all, and, moreover, plaintiff emerged on the usual crossing from behind the street car where a pedestrian is not required to anticipate an automobile coming from that direction. In such circumstances he was authorized to presume, in the absence of notice to the contrary, that defendant was neither violating the statute nor remiss in his common-law duty. [See Hodges v. Chambers, 171 Mo. App. 563, 579, 154 S. W. 429.]

Defendant's answer contained a plea of contributory negligence, and this being true, no one can doubt the propriety of plaintiff's fourth instruction above copied, which informed the jury that the burden of proof was on defendant with respect to that matter.

The abstract declaration contained in plaintiff's fifth instruction, to the effect that he was only required to exercise ordinary care for his own safety, was entirely proper in view of the fact that, perforce of the

automobile statute, a different obligation rested on defendant—that is, to exercise high care for the safety of pedestrians in the street—while plaintiff was charged with the duty to exercise ordinary care only. Although it be true that the practice of giving mere abstract propositions of law to the jury in instructions is usually condemned, and though a judgment should not be reversed for the refusal of the court to give an instruction asserting a proper principle in mere abstract form, these instructions, though abstract, appear well enough when considered together with that given by the court and those on the part of defendant, for it is clear they were in nowise misleading and, therefore, not prejudicial. The instructions are to be read and considered all together is the rule, and, when so considered, it appears the jury were well informed as to the true issue in the case and the law attending the rights and conduct of the parties.

The court refused to instruct the jury at defendant's request that the mere driving of an automobile in an eastern direction on the north side of the street is not negligence, and it is urged that this was error. But obviously the instruction was properly refused, for no one asserted that such was negligence and to have given it would have been misleading on the facts of the case as is revealed in all of the evidence.

During the argument plaintiff's counsel made the following statement to which defendant's counsel objected at the time, and it is urged the judgment should be reversed because such was prejudicial, in that it tended to excite the passion and prejudice of the jury. We copy from the bill of exceptions precisely as it is all that appears concerning this incident:

"Mr. Turner: There is only one way to preserve our lives and our wives, and that is to bring them—

"Mr. Davis: I except as appealing to the passion and prejudice of the jury.

"Mr. Turner:—is to bring them down within the reason of the law and hold them to justice in the particular case. That is all I ask you gentlemen to do. Take the evidence; don't disregard the human evidence; take it all . . ."

If these remarks were prejudicial—and we do not say that they were—the matter is not open for review here because it appears that defendant did no more than object without invoking a ruling of the court thereon and saving an exception to such ruling. It is true counsel said "I except as appealing to the passion and prejudice of the jury," but when the word "except" is considered in the context as used it means no more than that counsel objected. In order that such a subject-matter may be reviewed here, it is essential for the counsel to object to the remarks and then, if the court fails to reprimand the offender, except to such failure of the court to act on the matter. Here, no ruling whatever was made by the court and no exception was saved to an adverse ruling. Neither does it appear that defendant excepted to the failure of the court to rule on the objection or reprimand counsel. Nothing more appears than that counsel excepted, which, standing alone, amounts to no more than an objection in the circumstances of the case, when considered together with the context in which it is employed. Such has been expressly determined by the Supreme Court in a similar case. The court there said: "Not only so, but the remarks of appellant's counsel, to-wit, 'I except to the statement,' is by context shown to be merely equivalent to saying, I object to the statement." [See Eppstein v. Mo. Pac. R. Co., 197 Mo. 720, 738, 94 S. W. 967.] See, also, Harding v. Mo. Pac. R. Co., 232 Mo. 444, 446, 134 S. W. 641, where it is said on this question that there must be both an objection to the remarks and an exception after the ruling of the court thereon, or for a failure of the court to act, in order to entitle the party to a review on ap-

peal. It appearing, as it does, that nothing more than an objection was interposed, which was not ruled at all and no exception saved to the action of the court in failing to act upon the matter, the argument advanced concerning it is not reviewable here.

The jury awarded plaintiff a recovery of $2250, but in supervising the verdict the court required a remittitur of $750, which was entered. Thereafter judgment was entered in favor of plaintiff for $1500. It is urged this recovery is excessive, but we are not so persuaded. It appears that the force of the collision of the automobile with plaintiff was so great as to precipitate him forward from the place of collision to the center of Vandeventer avenue and that he received severe and painful injuries. Concerning a portion of his injuries plaintiff says: "I had my left hip joint very badly injured, as it shows; it is very weak yet, and never gave me any use. I can scarcely get around on my leg, and my left knee joint was injured and my ankle and my left elbow and arm, and my left shoulder and my back about my hip and my spine has been affected ever since, and it gives me pain both day and night and mornings when I rise I got a stiff and ill feeling, which I never had before, and my head was badly cut." Furthermore, he testifies concerning an injury to his bowels and that he has suffered with an affliction of the kidneys and also his nervous system ever since the injury. He earned from eighteen to twenty dollars per week before the injury, which occurred April 21, 1912, and at the time of the trial, more than a year after, he was still unable to pursue his usual calling of a workman in a shoe factory. The evidence is that he was able to do no more than perform light services around a lunch counter owned by his cousin. Obviously the verdict is not excessive.

The judgment should be affirmed. It is so ordered. *Reynolds, P. J.,* and *Allen, J.,* concur.